# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 17-144V
### Filed: January 10, 2019

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| KYLE JAMES WETTERLING, | \* | UNPUBLISHED |
| | \* | |
| Petitioner, | \* | |
| v. | \* | Decision on Attorneys' Fees and Costs; |
| | \* | Hourly Rate; Forum Rate; Excessive |
| SECRETARY OF HEALTH | \* | Billing |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Zachary Hermsen, Esq.*, Whitfield & Eddy Law, Des Moines, IA, for petitioner.
*Justine Walters, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On January 31, 2017, Kyle Wetterling ("Mr. Wetterling" or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed leg and foot pain, weakness, fatigue, and other health issues as a result of receiving a tetanus-diphtheria-acellular pertussis vaccination on July 24, 2014. *See* Amended Petition, ECF No. 20. On June 8, 2018, I dismissed this case for insufficient proof, pursuant to Vaccine Rule 21(b)(1). Decision, ECF No. 33.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 9, 2018, petitioner filed a Motion for Attorneys' Fees and Costs ("Motion for Fees"). ECF No. 37. Petitioner requests attorneys' fees in the amount of $17,386.50 and costs in the amount of $30.76, for a total amount of $17,417.26. *Id.* at 2, 5. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. ECF No. 41.

On August 22, 2018, respondent filed a response to petitioner's Motion for Fees. Response, ECF No. 38. Respondent provided no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

Attorneys from petitioner's counsel's firm have been awarded fees once by the Program. That decision did not discuss counsel's hourly rates, but rather determined that the overall fee award was appropriate. *See Morgan v. Sec'y of Health & Human Servs.*, No. 13-529, 2016 WL 5920737 (Fed. Cl. Spec. Mstr. Sept. 13, 2016). Upon review of the billing records submitted, I determined that the instant matter warranted an analysis of the hourly rates billed by petitioner's counsel as well as those at his firm. Petitioner was ordered to file documentation in support of the hourly rates requested for counsel. Scheduling Order, ECF No. 39. Petitioner filed a supplemental brief ("Supp. Br.") in support of the hourly rates requested. ECF No. 40.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, he or she is entitled to an award of reasonable attorneys' fees and costs. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

**A.     Reasonable Hourly Rate**

Petitioner was represented by Zachary Hermsen of Whitfield & Eddy in Des Moines, Iowa. Billing records reflect that Tom Reavely and Nick Gral, also of Whitfield & Eddy, worked on this matter as well. Motion for Fees at 4. Petitioner requested the following hourly rates for counsel: $490 for Mr. Reavely, $300 for Mr. Hermsen, and $225 for Mr. Gral. *Id*. at 5. Petitioner requested an hourly rate of $150 for work performed by a law clerk. *Id*. Petitioner acknowledged that rates requested for Mr. Reavely and Mr. Hermsen were "slightly higher" than the *McCulloch* rates in the Office of Special Masters' Attorneys' Forum Hourly Rate Fee Schedule for 2018, but submitted that these rates were justified by these attorneys' "significant experience in the Vaccine Program." *Id*. at 4, 5.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)). Succinctly stated, the forum rate is the "default rate" unless there is a "very significant difference" between local and forum rates.

It has not yet been determined whether there is a "very significant difference" between local rates in Des Moines, Iowa and the forum rate. Accordingly, I must set appropriate local and forum rates for petitioner's attorneys in order to determine whether there is a "very significant" difference between the local and forum rates as viewed through the lens of *Davis County*.

1. Local Rate

Petitioner submits that an appropriate local rate for Mr. Hermsen is $265 to $285, noting that it "is only a 5% deviation from the $300 rate he has requested in this case." Supp. Br. at 2. Petitioner did not offer a specific local rate for Mr. Reavely, explaining that Mr. Reavely "practices almost exclusively as a plaintiff's attorney on a contingent fee basis," but submitted that the requested hourly rate of $490 is "consistent with the rates other similarly situated Des Moines-area attorneys charge in similar local cases." *Id*.

Petitioner offered affidavits from local attorneys in a variety of practice areas as well as decisions on attorneys' fees and costs issued by federal courts in Iowa in support of these local rates.[3]

---

[3] Petitioner is advised that, when using other attorneys' billing rates to support his own billing rates, counsel

3

In bankruptcy cases, petitioner offered affidavits from attorneys John Moorlach and Jason Casini, as well as a 2018 decision from the Bankruptcy Court in the Northern District of Iowa, *In re Bailey Ridge Partners, LLC, Debtor*, No. 17-33, 2018 WL 3655385 (Bankr. N.D. Iowa June 28, 2018). Mr. Moorlach and Mr. Casini have 12 and 25 years of experience[4] and bill at $325 to $375 and $325 per hour, respectively. Supp. Br. Ex. 6 at 1; Supp. Br. Ex. 7 at 1. The Bankruptcy Court awarded a blended rate of $350 to Matthew McClintock and Brian J. Jackiw, who have 15 and 10 years of experience, respectively,[5] and a rate of $290 to Bradley Kruse, who has over 20 years of experience.[6] *In re Bailey Ridge*, 2018 WL 3655385 at *1, *20.

In the area of products liability defense, Kevin Reynolds, an attorney with 37 years of experience, bills between $285 and $350 per hour. Supp. Br. Ex. 9 at 1.

Petitioner also cited to multiple civil rights cases. A 2010 decision, *Dorr v. Weber*, awarded hourly rates of $375 for William Mohrman, $350 for Erick G. Kaardal, $220 for Vincent J. Fahnlander, and $150 for James Magnuson. 741 F.Supp.2d 1022, 1032 (Bankr. N.D. Iowa 2010).[7] At the time these fees were awarded, these attorneys had 25, 18, 22, and 2 years of experience, respectively.[8] Petitioner implied that these rates were lower than an appropriate forum rate for his attorneys, including the caveat that "the Northern District of Iowa Bankruptcy Court sits in Cedar Rapids, Iowa, a far less populated and less competitive legal market than Des Moines." Supp. Br. at 4. However, the court in *Dorr* specifically cited to previous decisions holding "that the relevant market [for civil rights cases] is not confined to Sioux City, Iowa [where the defense counsel practiced], nor the entire state of Iowa." 741 F.Supp.2d at 1033 (internal citations omitted).

---

must provide background information on those attorneys, i.e., their respective years of practice. It is not the special master's duty to research the attorneys referenced by petitioner; however, I have done so in this matter in order to ensure that I had a complete picture of the local billing rates.

[4] Mr. Casini's affidavit did not indicate how many years of experience he has; this information was obtained from his firm's website. *See Jason M. Casini,* Whitfield & Eddy Law, https://www.whitfieldlaw.com/attorneys-jason-m-casini (last visited Dec. 10, 2018).

[5] The Bankruptcy Court's decision did not refer to Mr. McClintock's experience, nor did his firm's website; this information was obtained from his LinkedIn page. *See Matthew McClintock,* LinkedIn, https://www.linkedin.com/in/matthew-e-mcclintock-69516a11/ (last visited Dec. 10, 2018). Similarly, Mr. Jackiw's experience was also obtained from his LinkedIn page. *See Brian Jackiw*, LinkedIn, https://www.linkedin.com/in/brian-jackiw-b60ab36/ (last visited Dec. 10, 2018).

[6] Mr. Kruse's experience was obtained from his firm's website. *See Bradley R. Kruse*, Dickinson Law, https://www.dickinsonlaw.com/attorney-profiles/bradley-r-kruse (last visited Dec. 10, 2018).

[7] Although this matter was adjudicated in bankruptcy court, attorneys' fees were awarded under the Civil Rights Attorneys' Fees Awards Act of 1976. *Dorr*, 741 F.Supp.2d at 1027; *see also* 42 U.S.C. §1983, §1988.

[8] This information was obtained from each attorney's profile on the firm's website. *See William F. Mohrman,* Morhman, Kaardal & Erickson, P.A., http://mklaw.com/attorney/william-f-mohrman/ (last visited Dec. 10, 2018); *Erick G. Kaardal*, Mohrman, Kaardal & Erickson, P.A., http://mklaw.com/attorney/erick-g-kaardal/ (last visited Dec. 10, 2018); *Vincent J. Fahnlander*, Mohrman, Kaardal & Erickson, P.A., http://mklaw.com/attorney/vincent-j-fahnlander/ (last visited Dec. 10, 2018); *James R. Magnuson*, Morhman, Kaardal & Erickson, P.A., http://mklaw.com/attorney/james-r-magnuson/ (last visited Dec. 10, 2018).

Because the hourly rates in *Dorr* were determined in the broader context of the Midwest and specifically considered the "metropolitan area" of Minneapolis, where the plaintiff's attorneys practiced, they should not be considered artificially low due to the "less competitive legal market" in Cedar Rapids, as advocated by petitioner. Supp. Br. at 4.

A 2015 order issued by the Iowa District Court for Chickasaw County[9] awarded Page Fiedler, an attorney with 20 years of experience, $400 per hour, and Roxanne Conlin, with 48 years of experience, $750 per hour. Supp. Br. at 5; *see also* Supp. Br. Ex. 13. The Court in *Haskenhoff* also awarded fees to several other attorneys, although petitioner did not offer these comparisons. Attorney Brooke Timmer billed at $275 with 9 years of experience, attorney Whitney Judkins and Emily McCarty billed at $175 with 5 and 6 years of experience, respectively, attorney Nate Borland billed at $125 with 2 years of experience, and attorney David Denison billed at $225 with 8 years of experience.[10]

Petitioner also cited to a civil rights case from 2011 in which Mark Sherinian was awarded $350 per hour. *See Lewis v. Heartland Inns of America*, 764 F.Supp.2d 1037, 1043 (S.D. Iowa 2011). At that time, Mr. Sherinian had been practicing for nearly 30 years.[11] Petitioner did not include that an attorney with 5 years of experience, Andrew LeGrant, was awarded $200 per hour.[12]

In the family law context, attorney Leslie Babich, who has 44 years of experience and founded his own law firm,[13] billed at $450 per hour in 2014 and 2015. *See generally*, Supp. Br. Ex. 10. Anjela Shutts, an attorney at petitioner's counsel's firm of Whitfield & Eddy with 22 years of experience, currently charges $385 per hour. Supp. Br. Ex. 11 at 1. Another attorney at Whitfield & Eddy, Tyler Coe, with "nearly identical experience" as Mr. Hermsen, bills at $285 per hour. Supp. Br. at 5; *see also* Supp. Br. Ex. 12.

---

[9] Order for Attorney Fees & Costs at 4, *Haskenhoff v. Homeland Energy Solutions, L.L.C.*, 01191 LACV003218, issued Mar. 2, 2015.

[10] The decision did not discuss the respective experience of these attorneys; this information was obtained from either firm websites or LinkedIn profiles. *See* Timmer Judkins, *Brooke Timmer*, https://www.timmerjudkins.com/who-we-are/brooke-timmer/ (last visited Dec. 10, 2018); Timmer Judkins, *Whitney Judkins*, https://www.timmerjudkins.com/who-we-are/whitney-judkins/ (last visited Dec. 10, 2018); Timmer Judkins, *Emily McCarty*, https://www.timmerjudkins.com/who-we-are/emily-mccarty/ (last visited Dec. 10, 2018); Timmer Judkins, *Nate Borland*, https://www.timmerjudkins.com/who-we-are/nate-borland/ (last visited Dec. 10, 2018); LinkedIn, *David Denison*, https://www.linkedin.com/in/ddenison/ (last visited Dec. 10, 2018).

[11] The decision did not discuss Mr. Sherinian's experience; this information was obtained from his firm website. *See Mark D Sherinian*, Sherinian & Hasso Law Firm, http://www.sherinianlaw.com/mark_d_sherinian.htm (last visited Dec. 10, 2018).

[12] Similarly, Mr. LeGrant's information was also obtained from his firm's website. *See Andrew L. LeGrant*, LeGrant Law Firm, http://www.legrantlaw.com/our-attorneys/andrew-legrant.html (last visited Dec. 10, 2018).

[13] Petitioner submitted billing records filed by Mr. Babich in a family court matter as evidence of Mr. Babich's hourly rates. Information on Mr. Babich's experience was obtained from his firm's website. *See Les Babich*, Babich Goldman, http://babichgoldman.com/staff/leslie-babich (last visited Dec. 10, 2018).

Of the various hourly rates offered, none is from the plaintiffs' side of personal injury, medical malpractice, or products liability litigation. These practice areas are considered most similar to the Vaccine Program in subject matter, though more procedurally complicated, as Vaccine Program cases do not involve discovery rules or motion practice. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *12 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). This is understandable, however, as plaintiffs are generally represented on a contingency fee basis, and not charged an hourly rate. Special masters have used civil rights cases as an alternative point of reference, citing hourly rates in cases where attorneys' fees were awarded to the prevailing party under fee-shifting statutes. In *Garrison v. Sec'y of Health & Human Servs.*, the special master concluded that, although the fee-shifting cases varied in complexity of subject matter and procedure, they represented a range of complex litigation cases "generally of the same complexity as a vaccine case." No. 14-762V, 2016 WL 3022076, at *5 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), *mot. for rev. denied*, 128 Fed. Cl. 99 (2016).

Notably, petitioner's counsel failed to submit the rates of other attorneys practicing in the Vaccine Program from Iowa. In fact, Iowa attorney Richard Moeller, has practiced in the Vaccine Program since 1998 and is located in Sioux City. A recent decision awarded Mr. Moeller, who has 33 years of experience, hourly rates of $265 for work performed in 2012, $270 for work performed in 2013, and $275 for work performed from 2014 to 2018. *See Swick v. Sec'y of Health & Human Servs.*, No. 13-526V, 2018 WL 6009290, at *7 (Fed. Cl. Spec. Mstr. Oct. 22, 2018). His associate with 14 years of experience, Jason Gann, was awarded an hourly rate of $200, while an associate with 4 years of experience, Nikki Nobbe, was awarded an hourly rate of $180. *Id.*

In this case, Mr. Reavely has been practicing for 47 years. Petitioner chose to compare Mr. Reavely to Iowa attorney Roxanne Conlin, whose practice includes employment discrimination, civil rights, medical malpractice, personal injury, and products liability.[14] Ms. Conlin has 48 years of experience and was awarded $750 per hour in a fee-shifting civil rights case;[15] her hourly rate for non-civil rights cases was not provided. When compared with the other rates submitted, this $750 rate seems to be an outlier amongst the other rates provided for practitioners with over 30 years of experience. Leslie Babich, a family law practitioner, has 44 years of experience and bills at $450 per hour; Kevin Reynolds, a products liability defense attorney, a practice more akin to vaccine injury litigation, with 37 years of experience, bills between $285 and $350 per hour. Mark Sherinian, an employment law attorney, was awarded an hourly rate of $350 when he had 30 years of experience. Based on the rates of individuals in more similar practices, i.e., products liability, a more appropriate rate for Mr. Reavely would be $425 at 47 years of experience.

Mr. Hermsen has been practicing for 3 years; Mr. Gral, less than two years. A survey of the hourly rates awarded to attorneys with five or fewer years of experience – Andrew LeGrant, 5 years, $200; Whitney Judkins, 5 years, $175; Nikki Nobbe, 4 years, $180; Tyler Coe, 3 years, $285; James

---

[14] Information about Ms. Conlin's areas of practice was obtained from her website. *See Practice Areas,* Roxanne Conlin & Associates, P.C., https://www.roxanneconlinlaw.com/Practice-Areas/ (last visited Dec. 13, 2018).

[15] The Order in *Haskenhoff* noted that information on Ms. Conlin's education, experience, and fee awards from other cases was submitted to the Court, but the Order did not discuss this information. *See* Supp. Br. Ex. 13 at 4.

Magnuson, 2 years, $150; Nate Borland, 2 years, $125 – results in the conclusion that Mr. Coe, who practices family law, is a clear outlier among the group. The other four attorneys were awarded their rates in either Vaccine Program or fee-shifting civil rights cases, implying that the range for an appropriate local hourly rate for Mr. Hermsen is between $125 and $200, rather than his requested range of $265 to $285. Similarly, the appropriate range for Mr. Gral appears to be $125 to $150, rather than his requested rate of $225. Of the rates awarded in the fee-shifting cases, the attorneys with 5 years of experience were awarded $175 to $200, and the attorneys with two years of experience were awarded $125 to $150. Based on Mr. Hermsen's three years of experience, an appropriate local rate appears to be $163. Based on Mr. Gral's two years of experience, an appropriate local rate appears to be $138.

Accordingly, Mr. Reavely is awarded a local rate of $425, Mr. Hermsen is awarded a local rate of $163, and Mr. Gral is awarded a local rate of $138.

2. Forum Rate

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch*, 2015 WL 5634323. The Office of Special Masters has adopted the *McCulloch* framework and has issued a Fee Schedule for subsequent years.[16]

Mr. Reavely has been practicing for 47 years; thus, the applicable range under *McCulloch* for 2017 is $394 to $440, and for 2018 it is $407 to $455. Although Mr. Reavely requested $490 per hour, Mr. Reavely has relatively little experience in the Vaccine Program,[17] and thus the lower end of the range is appropriate. *See Srour v. Sec'y of Health & Human Servs.*, No. 14-283V, 2017 WL 2537373, at *4 (Fed. Cl. Spec. Mstr. May 17, 2017) (awarding hourly rate based in part on "specific experience with the Vaccine Program"); *Dipietro v. Sec'y of Health & Human Servs.*, No. 15-742V, 2016 WL 7384131, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (considering level of experience in the Vaccine Program in determining appropriate hourly rate). Therefore, the undersigned will award Mr. Reavely an hourly rate of $394 for work performed in 2017 and $407 for work performed in 2018. *Compare A.A. by Akers v. Sec'y of Health & Human Servs.*, No. 15-597V, 2018 WL 3216243 (Fed. Cl. Spec. Mstr. May 31, 2018) (awarding hourly rates of $440 for work performed in 2017 and $456 for work performed in 2018 to Michael McLaren, who has been practicing for over 40 years, been an attorney in the Vaccine Program since its inception and is the attorney of record in 177 cases in the Vaccine Program); *Rice v. Sec'y of Health & Human*

---

[16] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Dec. 10, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf (last visited Dec. 10, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, https://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (last visited Dec. 10, 2018).

[17] Mr. Reavely has been the attorney of record in one Vaccine Program case, *Morgan v. Sec'y of Health & Human Servs.*, No. 13-529V, 2015 WL 9694667 (Fed. Cl. Spec. Mstr. Dec. 10, 2015).

*Services*, No. 15-1335V, 2018 WL 4784563 (Fed. Cl. Spec. Mstr. Aug. 27, 2018) (awarding hourly rates of $409 for work performed in 2017 and $421 for work performed in 2018 to Ronald Homer, who has been practicing in the Vaccine Program from its inception and is the attorney of record in 1,695 cases).

Mr. Hermsen has been practicing for 3 years, *see* Supp. Br. Ex. 3; thus, the applicable range under *McCulloch* is $153 to $230 for work performed in 2017 and $159 to $238 for work performed in 2018. Although Mr. Hermsen requested $300 per hour, he has relatively little experience in the Vaccine Program[18] and thus the lower end of the range is appropriate. *Srour*, 2017 WL 2537373, at *4. Accordingly, I award Mr. Hermsen the following rates: $153 for work performed in 2017 and $159 for work performed in 2018. In comparison, Amy Senerth, an attorney with 3 years of experience, has been attorney of record in 115 Vaccine Program and awarded hourly rates of $225 and $233. *See Mohler v. Sec'y of Health & Human Servs*., No. 16-1404V, 2018 WL 3989515, at *2 (Fed. Cl. Spec. Mstr. July 2, 2018) (awarding Ms. Senerth an hourly rate of $225 for work performed in 2017 and 2018); *Roetgerman v. Sec'y of Health & Human Servs*., No. 17-244V, 2018 WL 4907033, at *1 (Fed. Cl. Spec. Mstr. July 3, 2018) (awarding Ms. Senerth an hourly rate of $233 for work performed in 2018).

Mr. Gral graduated from law school in 2017; therefore, he has been practicing for less than two years and falls into the same applicable range as Mr. Hermsen.[19] Like Mr. Hermsen and Mr. Reavely, Mr. Gral has little experience and thus the lower end of the *McCulloch* range is appropriate. Accordingly, Mr. Gral is awarded an hourly rate of $153 for work performed in 2017.

Jackson O'Brien was a second-year law clerk when he worked on this matter. Motion for Fees at 4. No other information was given about his experience; therefore, I assume that, like the attorneys he worked for, Mr. O'Brien has little experience in the Vaccine Program and thus the lower end of the applicable range is appropriate. Accordingly, he is awarded an hourly rate of $128 for work performed in 2017.

3. Forum vs. Local Rate

Having decided the appropriate local and forum rates, I must now compare the two to determine whether there is a "very significant difference." There is no brightline rule for what constitutes a "very significant difference," but generally, any difference over 25% meets the standard. *See Auch v. Sec'y of Health & Human Servs*., No. 12-673V, 2016 WL 3944701 at *11 (Fed. Cl. Spec. Mstr. May 20, 2016); *see, e.g., Davis Cty*., 169 F.3d at 757 (finding a very significant difference existed where the forum rate was 70% higher than local rates); *Masias v. Sec'y of Health & Human Servs*., 634 F.3d 1283, 1286-87 (Fed. Cir. 2011)(finding a "very significant difference" existed where there was a 59% difference between local and forum rates);

---

[18] Mr. Hermsen is attorney of record in four Vaccine Program cases other than the instant matter, all of which were filed in the past 2 years. *See Curtis v. Sec'y of Health & Human Servs*. No. 17-607V; *McDowell v. Sec'y of Health & Human Servs*., No. 17-1156V; *K.G. v. Sec'y of Health & Human Servs*., No. 18-120V; *Freie v. Sec'y of Health & Human Servs*., No. 18-175V.

[19] This information was obtained from the Whitfield & Eddy firm website. *See Nick J. Gral,* Whitfield & Eddy, https://www.whitfieldlaw.com/attorneys-nick-j-gral (last visited Dec. 12, 2018).

*Rojas v. Sec'y of Health & Human Servs.*, No. 14-1220V, 2017 WL 6032300, at *11 (Fed. Cl. Spec. Mstr. Apr. 5, 2017) (finding rate differentials of 36% and 41% to be "very significant" for attorneys from Montana); *Onikama v. Sec'y of Health & Human Servs.*, No. 15-1348V, 2017 WL 1718798, at *13 (Fed. Cl. Spec. Mstr. Apr. 3, 2017) (finding a difference greater than 25% was "very significantly different" from forum rates and therefore local rates were appropriate); *Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016) (finding that Memphis, TN attorneys were entitled to forum rates based on a differential of 17 to 21% between local and forum rates); *Garrison*, 2016 WL 3022076, at *7 (finding that a difference between the local rate of Boise, Idaho, and the forum rate of 18.5% was not "very significantly different.") When the local rate is higher than the forum rate, a higher rate is only awarded when either the non-local attorney possesses "special expertise" or the party seeking fees and costs was unable to find other representation. *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *10 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453, 478-79 (2010), *aff'd*, 632 F.3d 1381, 1385-86 (Fed. Cir. 2011).

Mr. Reavely has been awarded a local rate of $425 and forum rates of $394 for work performed in 2017 and $407 for work performed in 2018. This yields differences of 7% and 4%. Mr. Hermsen has been awarded a local rate of $163 and forum rates of $153 for 2017 and $159.00 for 2018. This yields differences of 6% and 2% between local and forum rates, respectively. Mr. Gral has been awarded a local rate of $138 and a forum rate of $153, yielding a difference of about 11%. These rates are well within the range widely considered to be "not very significantly different." As previously discussed, petitioner's attorneys do not have "special expertise" in the Vaccine Program which would justify higher rates. Accordingly, I find that petitioner is entitled to forum rates.

Petitioner's fee award has been modified, as demonstrated in the chart below, to reflect forum rates:

|  | 2017 Hours | 2017 Forum Rate | 2017 Total | 2018 Hours | 2018 Forum Rate | 2018 Total | Overall Total |
|---|---|---|---|---|---|---|---|
| Zach Hermsen | 37.2 | $153.00 | $5,691.60 | 9.2 | $159.00 | $1,462.80 | $7,154.40 |
| Tom Reavely | 4.2 | $394.00 | $1,654.80 | 0.9 | $407.00 | $366.30 | $2,021.10 |
| Nick Gral | 3.3 | $153.00 | $504.90 | -- | -- | -- | $504.90 |
| Jackson O'Brien | 1.5 | $128 | $192.00 | -- | -- | -- | $192.00 |
|  |  |  |  |  |  |  | **$9,872.40** |

Petitioner's requested attorneys' fees are reduced to $9,872.40, based on the forum rates awarded herein.

**B.      Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned noted some billing issues that were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[20] Mr. Hermsen billed a number of tasks at his full attorney rate that should have been billed at a paralegal rate, or were secretarial in nature and should not have been billed at all.[21] In the future, counsel is encouraged to be specific in describing tasks performed, as paralegal tasks may be compensated at paralegal rates but secretarial tasks will not be compensated at all. Additionally, Mr. Hermsen billed 1.6 hours of travel at his full rate; travel is only compensated at one-half of an attorney's hourly rate.[22] For these reasons, I find that petitioner's fee award should be reduced by 5%. Petitioner is advised that future billing infractions may result in a higher percentage reduction. Petitioner is hereby awarded $9,378.78 in attorneys' fees.

---

[20] The following entries are examples and are not exhaustive; they merely provide a sampling.

[21] *See, e.g.*, Motion for Fees, Pet. Ex. 9, ECF No. 37-1, at 3 ("Downloading and reviewing docket"); *id*. at 4 ("Formatting and filing medical records"); *id*. ("Drafting and filing exhibit list"); *id*. ("Attempting to set up prison email account for correspondence with client in prison"); *id*. at 5 ("Scheduling status conference").

[22] *Id.* at 1 (0.8 hours billed for "Travel from Des Moines to Newton Correctional Facility for meeting with Kyle Wetterling"); *id.* (0.8 hours billed for "Travel from Newton Correctional Facility to Des Moines following meeting with Kyle Wetterling").

### C. Reasonable Costs

Petitioner requested a total of $30.76 in attorneys' costs. Motion for Fees at 5. The requested costs consist of fees for PACER research and fees associated with setting up petitioner's prison email account. *Id*. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $9,409.54**,[23] representing reimbursement for attorneys' fees in the amount of $9.378.78 and costs in the amount of $30.76, in the form of a check made payable jointly to petitioner and petitioner's counsel, Zachary Hermsen, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[24]

**IT IS SO ORDERED.**

s/ **Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[23] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[24] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.